**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Benjamin Frank Ramsey,      )
<u>et al.</u>,                    )
                            )
            Plaintiffs,     ) Case No. 1:04-CV-149
                            )
     vs.                    )
                            )
Formica Corporation,        )
<u>et al.</u>,                    )
                            )
            Defendants.     )

O R D E R

        This matter is before the Court on Defendant Formica

Corporation, <u>et al.</u>'s motion to dismiss (Doc. No. 9) and the

parties' supplemental memoranda addressing the motion to dismiss

(Doc. Nos. 47 & 48).  For the reasons set forth below,

Defendants' motion is well-taken and is **GRANTED.**

I. <u>Background</u>

        The Court summarized the background to the dispute

between the parties in its order of April 6, 2004 (Doc. No. 31),

which denied Plaintiffs' motion for a temporary restraining order

as follows:

                Plaintiffs, and the putative class they represent, are
                former employees of Formica Corporation ("Formica") and
                participants in the Formica Corporation defined benefit
                pension plan.  At various times, ranging as far back as
                1986, Formica Corporation offered Plaintiffs and the
                putative class members an early retirement buyout.
                Included in the materials Formica distributed to
                offerees of the buyout to assist their decisionmaking
                was an estimate of the monthly benefit they would
                receive from the pension plan.  Although there were

other incentives included in the buyout, Plaintiffs allege that they relied on Formica's representation regarding their monthly pension benefit in deciding to accept early retirement.

In any event, Plaintiffs retired from Formica and began receiving monthly pension payments corresponding to the estimates provided by Formica. Plaintiffs in fact received the monthly estimated pension payments for years and years, for as long as seventeen years in the case of one Plaintiff. For reasons not disclosed on the record at this time, in 2002, Formica engaged the firm of Mercer Human Resources Consulting ("Mercer") to audit the pension plan. Mercer's audit revealed that, for reasons not important here, Formica had miscalculated the monthly benefit due to a substantial segment of the plan's participants. Due to its error, Formica had been underpaying approximately 170 pensioners. More egregiously, at least in the eyes of the Plaintiffs, Formica had been overpaying nearly 300 pensioners, including the Plaintiffs and the putative class members. In other words, Formica had not been complying with the requirements of the pension plan with regard to the monthly benefits payable to the retirees.

Formica disclosed its actuarial errors to the Internal Revenue Service pursuant to the Voluntary Compliance Plan ("the VCP") in Revenue Procedure 2002-47. One of the benefits of voluntary reporting is that the employer can possibly avoid the drastic consequences of the IRS finding out on its own that the plan is not in compliance, such as plan disqualification and/or the imposition of substantial fines or penalties. One of the requirements of the VCP, however, is that the plan sponsor must adjust the pensioners' payments to the amount called for by the plan. In the case of Formica's plan, it meant that pensioners who were being underpaid had to have their benefits adjusted upwardly. It also meant that the Plaintiffs and the putative class members would have to have their monthly pension payments adjusted downwardly. And, as if that development were not bad enough, there remains the possibility that Formica may be required to recoup, or at least attempt to recoup, the amounts it has been overpaying Plaintiffs and the putative class members all of these years.

2

In January, in accordance with its VCP submission to the IRS, Formica notified Plaintiffs and the class members that effective with the January payment, it was reducing their pension payments by the amount indicated on their individual notices. In some cases, the monthly reduction in benefits is substantial. Plaintiffs, understandably upset about the sudden and unexpected loss of income, filed suit against Formica in the Hamilton County Court of Common Pleas. Plaintiffs' complaint against Formica asserted only state law claims for negligent misrepresentation and promissory estoppel. In addition to claims for other forms of compensatory damages, Plaintiffs also sought injunctive relief compelling Formica to restore their monthly payments to the pre-notice levels. Plaintiffs' complaint also includes allegations for a class of pensioners who have had their monthly pension payments reduced as well.

On February 20, 2004, Formica removed Plaintiffs' complaint from state court on the grounds that their claims for negligent misrepresentation and promissory estoppel are completely preempted by ERISA, 29 U.S.C. § 1001, et seq. Plaintiffs then filed an Amended Complaint which added two ERISA claims for breach of fiduciary duty and one ERISA claim for equitable relief. The Amended Complaint also added the individual plan administrators as parties. Despite filing an amended complaint adding federal ERISA claims, Plaintiffs still seek a temporary restraining order compelling Formica to restore their monthly payment to the amount Formica represented to them at the time they accepted the early retirement buyout.

Doc. No. 31, at 1-4.

On the merits of Plaintiffs' motion for a TRO, the Court ruled that their state law claims for negligent misrepresentation and promissory estoppel were completely preempted by ERISA because those claims relate to an employee benefit plan. Id. at 5. Additionally, the Court ruled that the relief Plaintiffs sought in their motion, an order compelling

3

Formica to maintain benefits payments at the promised levels, in reality constituted money damages, which is not a form of "appropriate equitable relief" available under ERISA for breach of fiduciary duty. Id. at 9-10. The Court, therefore, denied Plaintiffs' motion for temporary injunctive relief. The Sixth Circuit Court of Appeals affirmed the judgment of the Court in all respects. Ramsey v. Formica Corp., 398 F.3d 421 (6th Cir. 2005).

        This case is back before the Court following issuance of the mandate by the Court of Appeals. Given the decision by the Court of Appeals, the issue now before the Court is whether there remain any claims in the amended complaint upon which Plaintiffs might obtain relief. For the moment, Plaintiffs appear resigned to the fact that their state law negligent misrepresentation and promissory estoppel claims are completely preempted by ERISA. They also appear resigned to the fact that they will be unable to compel Formica to maintain their benefits payments at the promised levels. Plaintiffs contend, however, that viable claims for relief remain. Plaintiffs argue that upon proof of breach of fiduciary duty they would be entitled to injunctive relief to prevent Formica from further reducing their benefits payments in order recoup past overpayments. Plaintiffs also contend that under ERISA they are entitled to file suit in order to clarify their right to future benefits. Plaintiffs

4

further argue that they are entitled a declaratory judgment that the Defendants breached their fiduciary duty even if the ultimate relief they obtain is inadequate.  Finally, Plaintiffs argue that they are entitled to equitable relief requiring Formica to give them prior notice and an opportunity to challenge any future reductions in their monthly pension payments.

Starting with less complex issues first, based on this Court's ruling on Plaintiffs' motion for a temporary restraining order, and the subsequent affirmance of that decision by the Court of Appeals, it is clear that Plaintiffs' state law claims for negligent misrepresentation and promissory estoppel are completely preempted by ERISA.  Accordingly, Defendants' motion to dismiss Counts I and II of the Amended Complaint is well-taken and is **GRANTED.**  Counts I and II are **DISMISSED WITH PREJUDICE.** To the extent that Plaintiffs' ERISA breach of fiduciary duty claims seek an order compelling Formica to maintain their benefits at the promised levels, that relief is not available under ERISA for the reasons stated in the Court's previous order. Accordingly, Defendants' motion to dismiss that aspect of Plaintiffs' amended complaint is well-taken and is **GRANTED.**  That claim for relief is **DISMISSED WITH PREJUDICE.**  For reasons that will be explained, the Court finds that the Plaintiffs' remaining claims are not ripe for adjudication and/or that the Court should decline to grant the relief requested by Plaintiffs.

Accordingly, the remainder of the first amended complaint will be
**DISMISSED WITHOUT PREJUDICE.**

In National Rifle Ass'n of Am. v. MacGaw, 132 F.3d 272
(6th Cir. 1997), the Court succinctly explained the ripeness
doctrine:

> Supreme Court has stated that the basic rationale of
> the ripeness doctrine is to prevent the courts, through
> premature adjudication, from entangling themselves in
> abstract disagreements. Ripeness becomes an issue when
> a case is anchored in future events that may not occur
> as anticipated, or at all.  Ripeness is, thus, a
> question of timing.

Id. at 284.  The Court does not have subject matter jurisdiction
over controversies that are not ripe.  Bigelow v. Michigan Dept.
of Nat. Res., 970 F.2d 154, 156 (6th Cir. 1992).

Assuming for present purposes that a negligent material
misrepresentation about plan benefits is sufficient to trigger
liability for breach of fiduciary duty under ERISA,[1] as pled,

---

[1] Formica argues that the Sixth Circuit is split whether
a negligent material misrepresentation about benefits is
sufficient to constitute a breach of fiduciary duty under ERISA.
Formica argues that Muse v. International Business Mach. Corp.,
103 F.3d 490 (6th Cir. 1996) reaches a different conclusion from
James v. Armstrong Pirelli Tire Corp., 305 F.3d 439 (6th Cir.
2002) and Krohn v. Huron Mem. Hosp., 173 F.3d 542 (6th Cir. 1999)
and that the Court should follow Muse instead of Krohn and James.
Although a full-blown analysis is not required here, the Court
disagrees with Formica that the Sixth Circuit is split on the
issue.  In Muse, the Court did not specifically hold that a
negligent misrepresentation is insufficient to find a breach of
fiduciary duty.  Rather, the Court held that the record was
insufficient to establish that the employer intentionally
deceived the plaintiffs about offering an enhanced retirement
plan.  Muse, 103 F.3d at 495.  Although the plaintiffs alleged
that the employer made negligent representations about changes in

6

Plaintiffs' claim to enjoin Formica from recouping past overpayments from future benefits payments is not ripe.  The amended complaint alleges that "Formica is determining whether and how to recoup overpayments made from as long ago as 1986 to the present as a result of Formica's error."  Amended Complaint ¶ 1.  The amended complaint also alleges that "these retirees further understand that the company is considering further action to recoup what it contends were improper overpayments received by the retirees."  Id. ¶ 21.  These two allegations, which are the only allegations which discuss Formica's intention to recoup overpayments, demonstrate on their face that no definitive decision has been made about recoupment.  Instead, these allegations indicate that recoupment is a future contingency which may or may not occur.  Consequently, as pled, Plaintiffs' claim to enjoin Formica from recouping past overpayments is not ripe.  See Texas v. United States, 523 U.S. 296, 300 (1998)("A claim is not ripe for adjudication if it rests upon contingent

---

the plan, the Court never addressed whether the employer could be liable for negligent misrepresentations.  In contrast, both Krohn and James specifically state that a fiduciary can be held liable for negligent material misrepresentations.  Krohn, 173 F.3d at 547; James, 305 F.3d at 449.  Krohn, however, makes clear that in Varity Corp v. Howe, 516 U.S. 489 (1996), the Supreme Court did not address the issue of negligent misrepresentations by fiduciaries.  Krohn, 173 F.3d at 547.  Therefore, Varity Corp. does not represent an intervening decision which undermines the basis for the holdings in Krohn and James.  Consequently, the Court believes that Krohn and James would be controlling here.

7

future events that may not occur as anticipated, or indeed may not occur at all.")(internal quotation marks omitted).

The Court notes that in its supplemental memorandum Formica states that the recoupment is obligatory under Rev. Proc. 2003-44. This statement, however, does not make Plaintiffs' claim to prevent recoupment ripe because parties cannot waive or consent to the Court's subject matter jurisdiction. In re Wolverine Radio Co., 930 F.2d 1132, 1137-38 (6th Cir. 1991). Moreover, after reviewing Rev. Proc. 2003-44, and with the realization the Internal Revenue Service is perhaps the most intractable governmental agency, the Court does not believe that recoupment is but a foregone conclusion for these Plaintiffs. The Court notes that while full correction is a general principle of Rev. Proc. 2003-44, the IRS recognizes that "full correction may not be required in certain situations because it is unreasonable or not feasible." Rev. Proc. 2003-44 § 6.02(5). There remains a possibility that the IRS will decide that recoupment of overpayments from some or all of these Plaintiffs is unreasonable under the circumstances or simply not feasible given the amounts owed and the beneficiaries' probable inability to make any substantial repayments to the plan. The Court also notes that some of the recoupment scenarios described by Rev. Proc. 2003-44 indicate that the employer contributes the difference to the plan where full recoupment cannot be obtained

8

from the participant.  <u>See</u> Rev. Proc. 2003-44, Examples 15 & 16.
Thus, it may be that the IRS will determine that Formica, and not
the plan beneficiaries, will be required to restore the
overpayments to the plan.  While the scenarios cited by the Court
are not exact fits for Plaintiffs' situation, it does not appear
that Rev. Proc. 2003-44 attempts to shoehorn every plan failure
into a discrete and limited set of approved corrections.  Rather,
it appears that Rev. Prov. 2003-44 recognizes the need for a
case-by-case assessment of the appropriate correction method.
<u>See</u> Rev. Proc. 2003-44 § 6.02(2)(b)("The correction method
should, <u>to the extent possible</u>, resemble one already provided for
in the Code, regulations thereunder, or other guidance of general
applicability.")(emphasis added).  Therefore, the Court does not
read anything in Rev. Proc. 2003-44 that mandates recoupment from
the Plaintiffs, and consequently ripens their claims to enjoin
Formica from recouping overpayments.

        Furthermore, the foregoing discussion highlights the
need to allow the administrative process between Formica and the
IRS to play out and counsels against judicial intervention at
this time.  A federal court may decline to grant declaratory or
injunctive relief where it would interfere with an administrative
agency's decision-making responsibilities.  <u>See</u> <u>Abbott</u>
<u>Laboratories v. Gardner</u>, 387 U.S. 136, 148 (1967).  In this case,
Plaintiffs' prayer for relief is tantamount to asking the Court

to enjoin the IRS, a third party not before the Court, from carrying out its statutory duties to ensure pension plan compliance with the Tax Code.  A decision granting Plaintiffs relief at this time can only limit the IRS's freedom to consider and approve creative solutions to the problems identified in Formica's VCP submission.  Moreover, granting Plaintiffs the relief they request has the possibility of placing Formica in the untenable position of having to comply with conflicting directives from the Court and the IRS.  All of these considerations indicate that this case is not appropriate for the Court to exercise its discretion to grant Plaintiffs the declaratory and injunctive relief they request.[2]

In their supplemental brief, Plaintiffs argue that they can file suit under ERISA to clarify their right to future benefits under the plan.  Plaintiffs, however, have not pled such a claim in the amended complaint.  Plaintiffs also argue that they can pursue equitable relief to require Formica to give prior notice and an opportunity to challenge any future reduction of their pensions before the reductions are implemented.  Again, however, Plaintiffs did not plead this claim in their amended

---

[2]    Plaintiffs also appear to argue that they could simply obtain a declaratory judgment that Formica breached its fiduciary duty in outlining their plan benefits to them.  Such a declaration, in the absence of any other accompanying meaningful and tangible relief the Court can award, would be an empty and futile gesture.  The Court, therefore, declines to exercise its discretion to grant declaratory relief on that claim.

complaint. Moreover, this claim for relief would not be ripe even if pled because further reductions in Plaintiffs' monthly payments is a contingent event. The cases on which Plaintiffs rely are inapposite. Both Kaszuk v. Bakery & Confectionery Union and Ind. Int'l Pen. Fund, 791 F.2d 548 (7th Cir. 1986), and Grossmuller v. International Union, U.A.W., 511 F. Supp. 709 (E.D.Pa. 1981), involved the adequacy of notice already given by plan fiduciaries to plan beneficiaries. In neither of these cases, however, did the courts grant prospective relief in the form of ordering the employer to give notice should a future contingent event materialize.

Conclusion

In conclusion, Defendants' motion to dismiss is well-taken and is **GRANTED.** Plaintiffs' state law claims for negligent misrepresentation (Count I) and promissory estoppel (Count II) are completely preempted by ERISA. In addition, under ERISA Plaintiffs, cannot obtain injunctive relief in the form of compelling Formica to maintain their pension benefits at the levels promised when they elected to retire. Accordingly, each of these claims are **DISMISSED WITH PREJUDICE.** Plaintiffs' claim to enjoin Formica from further reducing their monthly benefits payments to recoup past overpayments is not ripe for adjudication. Alternatively, the Court declines to exercise its authority to grant declaratory relief on this claim. Similarly,

11

in the absence of any further relief that can be granted, the Court declines to exercise its authority to grant a declaration that Defendants breached their fiduciary duty to Plaintiffs. Accordingly, the remainder of the amended complaint is **DISMISSED WITHOUT PREJUDICE.**

The Court recognizes that this decision seems to be a particularly harsh result for a blameless group of individuals. While the Court empathizes with the Plaintiffs and the anxiety they must be experiencing, Congress has not provided any remedy for plan participants in this situation. Having said that, the Court encourages Formica to pursue, and the IRS to accept, plan corrections which do not impose any further hardship on these Plaintiffs. The Court also encourages Formica and the IRS to resolve Formica's VCP submission as expeditiously as possible so that Plaintiffs and the class do not have to continue living with the fear and uncertainty created by these errors in plan administration. Finally, the Court encourages Formica to keep Plaintiffs and the class apprised, through Plaintiffs' counsel, of the status of its negotiations with the IRS.

**IT IS SO ORDERED**

Date__January 5, 2006__            ____s/Sandra S. Beckwith____
                                   Sandra S. Beckwith, Chief Judge
                                    United States District Judge

12